### OLDHAM vs. POLK.

APPEAL from the court of the second district.

A clause in
an act, au-
thorising any
attorney to
confess judg-
ment, does
not authorise
the issue of a
writ of seiz-
ure and sale.

PORTER. J. delivered the opinion of the
court. The plaintiff obtained an order of sei-
zure and sale on a mortgage by public act,
which the defendant had executed in his favor.
The instrument was in the usual form, with the
exception of the following clause, "and the said

George W. Oldham does hereby for himself & his heirs, in the event the said note be not paid at maturity, grant power to any attorney at law duly admitted to practice in the courts of this state, to appear, and for him, and in his name, confess judgment in due and legal form, in favor of said Samuel W. Polk, up to the amount of the said note, &c. &c."

Our code provides, that where the title amounts to a confession of judgment (*emporte execution parét*) the creditor on making out that the debt is due, may obtain an order for the immediate seizure of the property mortgaged: and this court has decided, that an authentic act containing a mortgage, is such a title as amounts to a confession of judgment.

And so the instrument on which the order of seizure and sale was obtained in this case would be, were it not for the clause already set out. To give that part of the act any meaning, or suppose it inserted for any purpose, we must conclude the parties did not intend this instrument should *amount to a confession of judgment*, for if they had, they would not have provided for an attorney going before a court to *confess judgment*. The conferring such a power is irreconcileable with the idea, that

execution was to issue on the act without judg-
ment being previously confessed.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Porter* for the plaintiff.